```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

IN RE: MINH VU HOANG and       :
_____THANH HOANG_____

MINH VU HOANG                  :

     Appellant                 :

              v.               :   Civil Action No. DKC 18-0443

CITIBANK N.A., et al.          :

     Appellee                  :
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court in this bankruptcy appeal is Appellant's April 16, 2019, motion for reconsideration (ECF No. 16) of this court's March 18, 2019, memorandum opinion and order (ECF Nos. 14 & 15) granting Appellant's motions to proceed *in forma pauperis* and to allow late filing and affirming the order of the bankruptcy court. The motion is predicated on Rule 60 of the Federal Rules of Civil Procedure but will be construed as a motion for rehearing under Rule 8022 of the Federal Rules of Bankruptcy Procedure. For the reasons that follow, Appellant's motion will be denied.

A complete recitation of the procedural history and thorny factual background underlying this bankruptcy case can be found in numerous prior opinions and need not be repeated. *See*, *e.g.*, *In re Minh Vu Hoang*, No. CV DKC 18-0443, 2019 WL 1239747, at *1 (D.Md. Mar. 18, 2019); *In re Minh Vu Hoang*, No. CIV.A. DKC 14-3128, 2015 WL 2345588, at *1 (D.Md. May 14, 2015); *In re Hoang*, 469 B.R. 606

(D.Md. 2012). Appellees Citibank, N.A., Fay Servicing, LLC and Cindy Diamond filed a response in opposition on April 30, 2019. (ECF No. 18). "Unless the district court or BAP [Bankruptcy Appellate Panel] requests," however, "no response to a motion for rehearing is permitted." Fed.R.Bankr.P. 8022.

"When the district court is acting as an appellate court in a bankruptcy case, Rule 8022 provides the sole mechanism for filing a motion for rehearing." *In re Minh Vu Hoang*, 484 B.R. 87, 94 (D.Md. 2012) (citing *In re Zegeye*, Civ. No. DKC 04-1387, 2005 WL 544763, at *1 (D.Md. Mar. 4, 2005); *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1019 (D.C. Cir. 2004)). The United States Court of Appeals for "the Fourth Circuit has not considered in a reported opinion the interplay between Rule 60 and Rule 8022." *Reynolds v. Maryland Dep't of Labor, Licensing & Regulation*, No. CV ELH-17-3158, 2018 WL 5045192, at *1 (D.Md. Oct. 16, 2018), *reh'g denied sub nom. Reynolds v. Maryland*, No. CV ELH-17-3158, 2019 WL 1590097 (D.Md. Apr. 11, 2019). "But it appears that every reported federal appellate decision to have done so has concluded that Bankruptcy Rule 8022 'provides the sole mechanism for filing a motion for rehearing from a final order of the district court sitting in [its] capacity' as a bankruptcy appellate court." *Id.* (quoting *In re Bli Farms, P'ship*, 456 F.3d 654, 658 (6th Cir. 2006) (internal quotation marks omitted). Indeed, at least four judges in this district agree. *See Id.*; *In re Minh Vu Hoang*, 484 B.R. at

94; *Dang v. Bank of Am. N.A.*, No. BR 10-14152, 2013 WL 2581432, at *1-2 (D.Md. June 10, 2013); *Kelly v. Schlossberg*, No. CV PX-17-3846, 2018 WL 4357486, at *2 (D.Md. Sept. 12, 2018). Under Fed.R.Bankr.P. 8022, Appellant's motion may be properly denied on two independent grounds.

First, Appellant's motion is untimely. Rule 8022 requires that "any motion for rehearing by the district court or BAP must be filed within 14 days after entry of judgment on appeal." Appellant's motion was filed on April 16, 2019, twenty-nine days after entry of judgment, and thus, was filed fifteen days after the fourteen-day deadline Rule 8022 demands. *Cf. Reynolds*, 2018 WL 5045192, at *2. Additionally, as detailed by Judge Hollander in *Reynolds*, courts do not have "discretion to extend the filing period, *sua sponte*," where an Appellant files a motion for rehearing past the deadline without an accompanying motion for extension. *Id.* Fed.R.Bankr.P. 9006(b)(1) provides:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

3

Neither basis for an extension is available here. The period for Appellant to file the instant motion expired on April 1, 2019, and Appellant did not move for an extension of time. *Reynolds*, 2018 WL 5045192, at *2.

Second, even if Appellant's motion was timely filed, denial would still be appropriate for the independent reason that Appellant attempts to reassert arguments stated in Appellant's initial appeal. Rule 8022 is silent as to the appropriate standard for granting a rehearing, and the Fourth Circuit has not designated a standard. Courts have been inconsistent in their application, applying either the test traditionally used to evaluate motions for reconsideration, *see*, *e.g.*, *Kelly*, 2018 WL 4357486, at *2 ("Although the Rule does not specify a standard of review, the standard used to evaluate motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is appropriate."), or looking to the appellate rules for guidance, *see*, *e.g.*, *Dang*, 2013 WL 2581432, at *1-2 (applying Fed.R.App.P. 40).[1]

Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to

---

[1] A party may move to alter or amend a judgment under Fed.R.Civ.P. 59(e), or for relief from a judgment or order under Fed.R.Civ.P. 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *MLC Auto, LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *Knott v. Wedgwood*, No. CIV.A. DKC 13-2486, 2014 WL 4660811, at *2 (D.Md. Sept. 11, 2014).

4

accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice & Procedure § 2810.1, at 127–28 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002), *aff'd*, 86 F.App'x 665 (4th Cir. 2004) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so. Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized.") (citation omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting Wright, et al., *supra*, § 2810.1, at 124).

Appellate Rule 40 provides in part: "The petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended[.]" Fed.R.App.P. 40(a)(2). "Petitions for rehearing should not simply reargue the plaintiff's case or assert new grounds." *In re Pawlak*,

5

No. CIV.A. DKC 14-2326, 2015 WL 1522945, at *1 (D.Md. Apr. 1, 2015) (quoting *Baurnhaft v. McGuffin*, C/A No. 4:06-CV-3617-RBH, 2007 WL 3119611, at *1 (D.S.C. Oct. 22, 2007) (citing *Sierra Club v. Hodel*, 848 F.2d 1068, 1100-01 (10th Cir. 1988) (per curiam))). At base, motions for rehearing are "designed to ensure that the appellate court properly considered all relevant information in rendering its decision." *In re Zegeye*, 2005 WL 544763, at *1.

Notably, both standards clearly state that a petition for rehearing or motion for reconsideration is not a vehicle by which to reargue a party's case. Appellant's motion does not satisfy any of the grounds for reconsideration or rehearing under either Fed.R.Civ.P. 59(e) or Fed.R.App.P. 40. Appellant has not identified any relevant information the court did not consider, intervening change in law, newly developed evidence, clear error of law, or manifest injustice to warrant an alteration of the prior judgment. Indeed, Appellant's motion concerns arguments that were previously asserted. Although the motion is difficult to understand, Appellant appears to reargue that "estoppel does not apply" and the court erroneously reviewed the "case base[d] on wrong facts." (ECF No. 16, at 1-2). Both contentions were previously argued in Appellant's initial appeal, which the court rejected. (ECF No. 9, at 17, 19) ("the Court is asked to deny application of *res judicata*") ("this Court should reconsider[] its prior decisions which had been rendered base[d] on wrong facts.").

Appellant even concedes that she is "clearly not taking a position in a case that is contrary to a position [she] has taken in earlier legal proceedings." (ECF No. 16, at 2). Accordingly, Appellant has not established any ground for relief.

Based on the foregoing, it is this 2nd day of May, 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. Appellant's motion for reconsideration (ECF No. 16) BE, and the same hereby IS, DENIED; and

2. The clerk will transmit copies of the foregoing Memorandum Opinion and Order to counsel for Appellees and directly to Appellant Minh Vu Hoang.

                                                /s/
                              DEBORAH K. CHASANOW
                              United States District Judge